IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

Cindy L.[1],

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 3:16-cv-01988-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Cindy L. ("plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

In November 2012, plaintiff applied for DIB. She alleged disability beginning November 30, 2010, due to Crohn's disease, as well as pain and swelling in her hands, feet, and right elbow. Plaintiff's DIB application was denied initially and upon reconsideration. On April 13, 2015, plaintiff appeared at a hearing before an ALJ and testified. A vocational expert also testified. Plaintiff was represented by a non-attorney representative. In a written decision issued April 24, 2015, the ALJ found plaintiff not disabled. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date of November 30, 2010. 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments as of the alleged onset date: Crohn's disease and right elbow epicondylitis. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c).

At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The ALJ found plaintiff has the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(a) except she can never climb ladders, ropes or scaffolds; is limited to occasional climbing of ramps and stairs; is limited to frequent stooping, kneeling, crouching and crawling; is limited to frequent reaching and handling with the dominant right upper extremity; and must have access to a bathroom at the workplace.

Tr. 14. At step four, the ALJ concluded plaintiff could not perform any of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, however, the ALJ found that plaintiff could perform work existing in the national economy; specifically, plaintiff could work as an assembler or packager/sorter. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her application for benefits.

## DISCUSSION

As a preliminary matter, I must determine the scope of the record under review in this case. Plaintiff submitted 129 pages of medical records to the Appeals Council. Records from The Portland Clinic were dated July 21, 2015 through February 24, 2016, and records from OHSU Health Information Services were dated April 11, 2016 through May 4, 2016. The ALJ rendered his non-disability decision on April 24, 2015. The Appeals Council "looked" through the additional medical evidence, but declined entering it into the record because the "new information [was] about a later time," after the ALJ rendered his decision.[2] Tr. 2. The Appeals Council invited plaintiff to reapply for disability benefits using an alleged onset date immediately after the ALJ's non-disability decision.

Plaintiff, however, resubmitted the medical records alongside her opening brief and requested that I review the evidence. Plaintiff avers the records are relevant to assessing her longstanding impairments because they provide medically documented evidence of her severe conditions only four months after the ALJ's decision. However, I cannot consider plaintiff's newly submitted records because I am constrained to review only the official administrative record, and the Appeals Council did not enter plaintiff's evidence into the record. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (a district court may review only the "certified copy of the transcript of the record").

To the extent plaintiff argues the records *should* be included in the record, I do not have jurisdiction over non-final agency decisions. 42 U.S.C. § 405(g). Furthermore, the Appeals Council did not include the evidence as part of the administrative record because it post-dated the ALJ's decision. *See* 20 C.F.R. § 404.970(a-c) ("[t]he Appeals Council will only consider

---

[2] There is one appointment in the newly submitted evidence dated just before the ALJ's decision.

Page 4 – OPINION AND ORDER

additional evidence" relating "to the period on or before the date of the hearing decision"). While plaintiff cites *Brewes* for the proposition that the new evidence should be included in the record because the Appeals Council "considered" it, the Appeals Council couched its language in such a manner as to forestall this argument. Pl.'s Br. 12, citing *Brewes*, 682 F.3d 1157. The Appeals Council specifically stated that it "looked" through the additional evidence, but it did not affect the ALJ's decision and if plaintiff wanted the records considered she could reapply for disability benefits with an alleged disability onset date after the ALJ's decision. Tr. 2. Thus, I will review only the evidence included in the official administrative record.

While plaintiff declined to argue for a remand under sentence six of 42 U.S.C. § 405(g), I nonetheless address the argument. A Court may remand a case as a result of newly submitted evidence only if such evidence is new, material, and was not submitted to the ALJ for good cause. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Plaintiff's evidence is not material to the period under review because it does not bear "directly and substantially on the matter in dispute." *Id.* The evidence demonstrates symptoms of Crohn's disease, but that does not lead me to conclude the symptoms began before the ALJ rendered his decision. In a related argument, plaintiff stated that evidence of fibrosis in the ileum necessitated finding her Crohn's disease had affected her before the ALJ's decision. However, no physician has given an opinion to that effect, and plaintiff's citation to a medical dictionary similarly fails to show that evidence of fibrosis warrants a remand. Therefore, plaintiff's submitted evidence does not compel a remand under sentence six of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (medical opinion given two years after the plaintiff's date last insured was of limited relevance to the "actual period at issue"); *Allums v. Colvin*, 649 Fed. Appx. 420, 424 (9th Cir. 2016) (a medical report compiled "well after the ALJ's decision" failed

to demonstrate that the plaintiff was disabled "prior to his date last insured"); *Bell v. Berryhill*, 694 Fed. Appx. 490, 492 (9th Cir. 2017) (medical records post-dating the ALJ's decision were "not probative" of the period under review).

Plaintiff asserts the ALJ committed three harmful errors with respect to her case. First, plaintiff argues the ALJ gave little weight to her subjective symptom testimony without providing legally sufficient justification. Second, plaintiff contends the ALJ erred by giving little weight to the opinion of examining physician Dr. Ogisu. Third, plaintiff claims the ALJ improperly assessed her RFC.

I. *Plaintiff's Subjective Symptom Testimony*

I begin with plaintiff's argument that the ALJ failed to provide legally sufficient reasons to reject her testimony about the limiting effects of her impairments. When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff completed an Adult Function Report on December 21, 2012, stating her Crohn's disease flared during stressful events and, during a flare, she required constant access to a bathroom. Plaintiff further alleged "excessive fever, abdominal pain, and severe diarrhea" which caused exhaustion and dehydration. Tr. 190. Plaintiff also stated that she worked part-time as a house cleaner for about ten hours per week. Plaintiff averred her conditions affected her ability to lift, squat, bend, stand, reach, walk, kneel, and climb stairs.

The ALJ found plaintiff's subjective symptom testimony was inconsistent with her minimal medical treatment. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[w]e have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"). The record contains only 20 pages of medical records, of which five are a consultative examination, discussed below, along with three dental records. Plaintiff's first medical appointment of record occurred on July 16, 2010, where she reported diarrhea as a result of her Crohn's disease. The doctor noted that plaintiff had not utilized medication for nine years, although cholestyramine had been effective in the past. Plaintiff was prescribed cholestyramine and prednisone. While the doctor referred plaintiff to a gastroenterologist for further evaluation and also requested that plaintiff attend a follow-up appointment, there is no admissible evidence that plaintiff pursued either.

Plaintiff next attended a medical appointment related to her Crohn's disease on April 8, 2011.[3] She reported diarrhea, fatigue, and fever, although her temperature presented as normal at the appointment. Plaintiff's treating providers again recommended that she see a

---

[3] Plaintiff attended a separate medical appointment on February 2, 2011 for a fever and sore throat, but did not mention any symptoms related to Crohn's disease. Indeed, the treating provider noted that plaintiff reported "no diarrhea." Tr. 247.

gastroenterologist for her Crohn's disease, but there is no admissible evidence in the record that plaintiff made an appointment. Additionally, while plaintiff's treating providers recommended that she "[r]eturn in about 1 week" if her symptoms worsened or failed to improve, plaintiff did not return to the clinic. Tr. 245.

The ALJ's interpretation of the record is not in error: during the adjudicatory period now at issue, plaintiff pursued minimal medical care, apparently declined to schedule appointments with specialists, did not attend follow-up appointments with her treating providers, and declined to pursue more aggressive treatment options. Indeed, the ALJ noted that the record reflected no evidence of malnourishment, weight loss, or high temperatures, all symptoms that would be expected if plaintiff's Crohn's disease were debilitating. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (the ALJ permissibly rejected the plaintiff's subjective symptom testimony due to inconsistency with the objective medical record).

Plaintiff argues that she could not afford treatment during relevant time period. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (the ALJ cannot discredit a plaintiff's subjective testimony due to infrequent treatment if the plaintiff could not afford such treatment). The record, however, demonstrates that plaintiff sought dental care for an abscessed tooth, which the ALJ reasonably interpreted as evidence that plaintiff could afford medical treatment, assuming her Crohn's disease significantly affected her functioning. Additionally, the record shows that plaintiff could afford alternative treatments such as acupuncture and massage, and she also pursued homeopathic remedies. While plaintiff argues the ability to afford dental care does not compel the conclusion that plaintiff could afford intestinal care, the ALJ's interpretation of the record is reasonable and must therefore be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679

gastroenterologist for her Crohn's disease, but there is no admissible evidence in the record that plaintiff made an appointment. Additionally, while plaintiff's treating providers recommended that she "[r]eturn in about 1 week" if her symptoms worsened or failed to improve, plaintiff did not return to the clinic. Tr. 245.

The ALJ's interpretation of the record is not in error: during the adjudicatory period now at issue, plaintiff pursued minimal medical care, apparently declined to schedule appointments with specialists, did not attend follow-up appointments with her treating providers, and declined to pursue more aggressive treatment options. Indeed, the ALJ noted that the record reflected no evidence of malnourishment, weight loss, or high temperatures, all symptoms that would be expected if plaintiff's Crohn's disease were debilitating. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (the ALJ permissibly rejected the plaintiff's subjective symptom testimony due to inconsistency with the objective medical record).

Plaintiff argues that she could not afford treatment during relevant time period. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (the ALJ cannot discredit a plaintiff's subjective testimony due to infrequent treatment if the plaintiff could not afford such treatment). The record, however, demonstrates that plaintiff sought dental care for an abscessed tooth, which the ALJ reasonably interpreted as evidence that plaintiff could afford medical treatment, assuming her Crohn's disease significantly affected her functioning. Additionally, the record shows that plaintiff could afford alternative treatments such as acupuncture and massage, and she also pursued homeopathic remedies. While plaintiff argues the ability to afford dental care does not compel the conclusion that plaintiff could afford intestinal care, the ALJ's interpretation of the record is reasonable and must therefore be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679

(9th Cir. 2005) (if the Commissioner's interpretation of the record is rational, it cannot be overturned for a different interpretation).

Plaintiff further argues the ALJ erred by failing to specifically identify which symptoms were undermined by her lack of treatment, or identify the portions of her testimony he discredited. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("the ALJ must specifically identify the testimony she or he finds not to be credible, and must explain what evidence undermines the testimony"). However, in this particular case, plaintiff has not alleged a diverse array of symptoms and impairments that would require careful parsing. The ALJ noted that plaintiff complained of diarrhea, pain, and fevers related to her Crohn's disease, and the ALJ discussed plaintiff's lack of treatment for symptoms related to Crohn's disease. Therefore, it may be reasonably discerned that the ALJ rejected plaintiff's allegations of debilitating diarrhea, pain, and fever due to a lack of treatment. *See Alaska Dep't. of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004) ("[e]ven when an agency explains its decision with 'less than ideal clarity,' a reviewing court will not upset the decision on that account 'if the agency's path may reasonably be discerned'").

Ultimately, the ALJ did not err in rejecting plaintiff's subjective symptom testimony due to minimal care and little objective evidence of debilitating impairment.

II. *Treatment of Dr. Ogisu's Medical Opinion*

There are three types of medical opinions in Social Security disability cases: those of treating, examining, and reviewing physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202; *accord* 20 C.F.R. § 404.1527(d). Accordingly, "the

Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Moreover, "the opinion of an examining doctor, even if contracted by another doctor, can only be rejected for specific and legitimate reasons." *Id.* at 830–831.

"The ALJ is responsible for resolving conflicts in the medical record." *Carmickle*, 533 F.3d at 1164. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "[T]he consistency of the medical opinion with the record as a whole" is a relevant consideration in weighing competing evidence. *Orn*, 495 F.3d at 631.

Dr. Tatsuro Ogisu, M.D., conducted a comprehensive musculoskeletal examination on March 12, 2013. Dr. Ogisu diagnosed plaintiff with a "history of Crohn's disease" and "musculoskeletal pain" after taking her medical history and observing her performance on objective tests. Tr. 255-58. The doctor noted that plaintiff could get on and off of the examination table, sit and stand, and maintain position without difficulty, although her cervical flexion was mildly painful. Plaintiff's gait was normal, as was deep knee bending; her reaching was unrestricted, and her upper extremities were normal, with no obvious atrophy in the upper extremities. Dr. Ogisu noted plaintiff's right lateral and medial epicondyles were tender. Dr. Ogisu also stated that plaintiff's "alleged very frequent diarrhea would be disruptive," and further that "flares of Crohn's disease can result in incapacitation episodically." Tr. 258.

The ALJ gave partial weight to Dr. Ogisu's opinion because "there is no evidence to support frequent disruptive diarrhea based on Crohn's [disease]," nor was there "objective medical evidence that the claimant suffers current incapacitating flares of Crohn's [disease]."

Tr. 16. The ALJ also noted that plaintiff's lack of treatment undermined her allegations of disabling symptoms.

Plaintiff argues the ALJ erred by rejecting Dr. Ogisu's opinions with respect to her Crohn's disease. Specifically, plaintiff takes issue with the ALJ's statement that the record lacked any evidence of frequent disruptive diarrhea, as well as no objective medical evidence of contemporaneous bouts of Crohn's disease. The ALJ's interpretation of the record, however, was reasonable. *See Burch*, 400 F.3d at 679. Plaintiff did not supply contemporaneous objective evidence of incapacitating flares of Crohn's disease, nor did she provide any evidence of disruptive diarrhea save for her subjective testimony, which the ALJ properly discredited. While plaintiff argues that it is unreasonable to document bowel movements "objectively," such evidence could reasonably be supplied by frequent medical visits with consistent documentation of symptoms, which this record lacks. As such, the ALJ did not err in giving only partial weight to Dr. Ogisu's opinion.

However, even assuming, *arguendo*, that the ALJ erred by rejecting Dr. Ogisu's opinions about Crohn's disease, any such error was harmless. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (legal errors that are inconsequential to the ultimate non-disability decision are harmless). Dr. Ogisu did not state that plaintiff currently suffered from Crohn's disease: he opined that plaintiff had a *history* of Crohn's disease. While the doctor also stated that plaintiff's "*alleged* frequent diarrhea would be disruptive," (emphasis added) but he did not actually opine that plaintiff suffered from frequent disruptive diarrhea. Tr. 258. Additionally, although the doctor stated, "flares of Crohn's disease *can* result in incapacitation episodically," (emphasis added) he did not indicate that plaintiff *in fact* suffered from bouts of

incapacitation. Tr. 258. Ultimately, Dr. Ogisu's conclusions about plaintiff's alleged Crohn's disease were both equivocal and unclear as to whether they specifically applied to plaintiff.

III. *Plaintiff's RFC*

The RFC is the maximum a claimant can do despite her limitations. *See* 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96–8p, *available at* 1996 WL 374184. A reviewing court is constrained from affirming the decision of an agency on a ground that the agency did not invoke in making its decision. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). "If evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ assessed an RFC requiring plaintiff to "have access to a bathroom at the workplace." Tr. 14. Plaintiff argues that "the ALJ, at least to some extent, credited [p]laintiff's testimony that she needs numerous bathroom breaks," and erred by failing to specify "the frequency and duration of bathroom breaks that [p]laintiff requires." Pl.'s Br. 14. However, while the ALJ discredited plaintiff's subjective symptom testimony, he also found that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 15. Thus, the ALJ recognized plaintiff's Crohn's disease resulted "in significant work-related functional limitations" that required accommodation in the RFC. Tr. 13. Nevertheless, there is no indication, aside from plaintiff's subjective testimony, that the ALJ's assessed RFC failed to contemplate plaintiff's Crohn's disease. Therefore, the ALJ did not err in assessing plaintiff's RFC.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of July 2018.

/s/ Ann Aiken
Ann Aiken
United States District Judge